**STATE**

v.

**Dennis FARIAS.**

**No. 2000–38–C.A.**

Supreme Court of Rhode Island.

May 9, 2002.

Annie Goldberg, Aaron Weisman, Providence, for Plaintiff.

Paula Lynch Hardiman, Paula Rosin, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, Dennis Farias, appeals from his conviction after a jury found him guilty of one count of second-degree sexual assault. The Superior Court sentenced him to ten years, one year to serve and the remainder suspended with probation. The sexual assault occurred on the evening of February 18, 1997, at a health club in East Providence. The defendant groped and sexually pawed his twenty-one-year-old victim when they were both seated in the health club's jacuzzi. According to the victim, the defendant began touching and feeling her body by inserting his hand into her bathing-suit bottom and attempting to fondle her. As the victim tried to get out of the jacuzzi, the defendant grabbed her foot and fell on top of her, and then attempted to remove her bathing-suit top in full view of others who were present in that area of the health club. A lifeguard who was on duty that evening also witnessed the defendant pulling at the victim's bathing-suit top.

On appeal, defendant argues that the prosecutor impermissibly elicited evidence about "uncharged acts of sexually touching other members of the health club" and that the trial justice failed to give an appropriate limiting instruction concerning testimony that defendant had touched other club members inappropriately in the past. The state counters that these claims of error are without merit for two reasons: first, defendant failed to object to the specific testimony on this subject; and, second, because he did not request a limiting instruction from the trial justice. The state also maintains that it introduced no evidence that defendant improperly had touched other club members on previous occasions. Thus, the state contends, it was unnecessary for the trial justice to give a limiting instruction.

After a prebriefing conference, a single justice of this Court ordered the parties to show cause why the issues raised in this appeal should not be summarily decided. In reviewing their written and oral submissions, we conclude that no cause has been shown and that we can decide the appeal at this time.

During her testimony, the lifeguard stated that she observed defendant in the Jacuzzi area of the club but was not "keeping a specific eye on him." As soon as the victim got into the Jacuzzi she began watching the Jacuzzi area "because [defendant] was in there." She further testified that after the victim exited the Jacuzzi, the lifeguard confronted defendant and told him, "This can't go on. You have to stop this."

The testimony at issue occurred when the prosecutor questioned the lifeguard-witness on direct examination, as follows:

"Q: What is the first thing you did when you approached the defendant?

"A: I said, I need to talk to you about what just happened, it can't happen. Those types of things cannot happen in here, and I had told him that I have seen him bother

"The Court: Never mind that.

"Defense Counsel: Objection.

"Q: I'm just asking regarding what you said regarding [the victim].

"A: Okay.

"Q: Do you remember what words you used when you spoke to him?

"A: Something to the effect that this has to stop, something like that, that can't happen again.

"Q: Would looking at your statement refresh your memory?

"A: Yes.

"Q: I'm just directing your attention to read to yourself, to read where that red mark is. Just read it to yourself.

"A: Yes, I remember saying that, yes.

"Q: Do you remember what words you used when you spoke to him?

"A: Rubbing and touching other members, that is what I said.

"Q: You told the police that you

"A: I told him that this stuff is going to have to stop.

"Q: With him touching and rubbing other members, is that what you said?

"A: Yes."

The state contends that "the common-sense meaning of the [above-quoted] testimony was that defendant, a member of the club, must not touch other members"—but not that there was any evidence that he had indeed done so on previous occasions.

"This Court has noted previously that the line dividing prior-bad-act evidence offered to show a propensity to commit such acts and/or a defendant's bad character, and prior-bad-act evidence offered to show motive, intent, or for some other permissible purpose is both a fine one to draw and an even more difficult one for judges and juries to follow." *State v. Garcia*, 743 A.2d 1038, 1052 (R.I.2000).

Nevertheless, we have held that in cases in which the evidence in question can be used for a variety of reasons, the trial judge should issue a limiting instruction "explaining 'the limited purpose [or purposes] for which the jury may consider it.'" *Id.* (quoting *State v. Gallagher*, 654 A.2d 1206, 1210 (R.I.1995)). Indeed, such an instruction is **required** in sexual assault cases "even in the absence of a specific request by defense counsel to do so." *Id.*, at 1052.

Based upon this Court's holdings in *Garcia* and *Gallagher*, and in light of the fact that the above-quoted testimony could have been interpreted to suggest that the defendant had been "fondling and rubbing other members" on previous occasions, we conclude that the trial justice erred in not giving a cautionary instruction to the jury about the limited use of such testimony. Although the defendant failed to object or to request a limiting instruction, our case law on this issue required the trial justice to do so anyway—especially in a case such as this one in which the evidence turned on credibility assessments and the lifeguard's testimony may have weighed heavily against the defendant.

Because our ruling on this point is dispositive of the appeal, it is unnecessary for us to reach the other issues raised by the defendant. Accordingly, we sustain the defendant's appeal, vacate the conviction, and remand this case to the Superior Court for a new trial.

FLANDERS, Justice, with whom Justice LEDERBERG joins, dissenting.

We respectfully dissent because, in our opinion, the testimony at issue, when viewed in context, shows that the state did not attempt to introduce evidence of defendant's engaging in previous acts of alleged sexual misconduct. Therefore, we would hold that the trial justice did not err by

failing to provide a limiting instruction concerning the jury's use of this evidence.

Although the lifeguard testified that she approached defendant on the evening in question and told him that "this has to stop, something like that, that can't happen again," we do not believe that this testimony constituted evidence of any prior sexual misconduct on defendant's part. The lifeguard testified that she told defendant that "rubbing and touching other members * * * that this stuff is going to have to stop." The state, however, did not offer this evidence to suggest that defendant had been "rubbing and touching other members" on previous occasions. Rather, in the context in which the lifeguard testified, she was merely relating how she told defendant that the conduct he had engaged in on this one occasion—repeatedly rubbing and touching another member of the club in a sexual manner—was against the club's rules and that it had to stop. Indeed, before the lifeguard testified on this point, the prosecutor stated to this witness that "I'm just asking regarding what you said regarding [the victim]."

In any event, the state did not offer any specific evidence that defendant had ever touched any other members of the club in an inappropriate manner, or that the lifeguard had observed him doing so on other occasions. Thus, this was not a situation in which the trial justice was required to give a limiting instruction about previous sexual-assault evidence "even in the absence of a specific request by defense counsel to do so." *State v. Garcia,* 743 A.2d 1038, 1052 (R.I.2000). Because *Gallagher* constitutes a judicial exception to the general raise-or-waive rule, *see, e.g.,* Rule 51 of the Superior Court Rules of Criminal Procedure (requiring a party to "make[] known to the court the action which the party desires the court to take or his or her objection"), it should be narrowly construed. *See Gallagher,* 654 A.2d at 1210. In any event, defendant did not object to this evidence, nor did he request the trial justice to clarify the scope of the lifeguard's testimony or to eliminate any potential ambiguity therein by providing the jury with a limiting instruction. In these circumstances, we conclude, it is asking too much to demand that trial justices—in the middle of an ambiguous, unobjected-to exchange between a prosecutor and a witness—identify sua sponte a witness's potential veiled reference to the defendant's previous sexual misconduct, and then, unassisted by counsel, provide the jury with an appropriate limiting instruction.

Moreover, even if the trial justice had erred in this regard, we believe that the error was harmless in this case, given the lifeguard's corroboration of the victim's testimony about defendant's pulling at the top of her bathing suit and the trial justice's extremely negative assessment of defendant's credibility.

The defendant also argued that the trial justice erred in denying his motion for a new trial. He suggests that the victim's testimony was incredible and that the lifeguard's testimony, far from corroborating the victim's description of the incident, actually contradicted her version, especially with respect to defendant's alleged touching of the victim and his asserted moaning during the incident.

"In deciding a motion for a new trial, the trial justice acts as a thirteenth juror and exercises independent judgment on the credibility of witnesses and on the weight of the evidence." *State v. Otero,* 788 A.2d 469, 472 (R.I.2002) (quoting *State v. Banach,* 648 A.2d 1363, 1367 (R.I.1994)). If, after this review, the trial justice agrees with the verdict or if the evidence is such that reasonable minds could come to dif-

ferent conclusions, then the motion should be denied. *Otero,* 788 A.2d at 472.

If we determine that the trial justice "has complied with the requisite procedure and has articulated an adequate rationale for denying a motion for a new trial," we give that decision great weight and it will not be disturbed unless the trial justice "overlooked or misconceived material evidence relating to a critical issue or if the justice was otherwise clearly wrong." *State v. Bleau,* 668 A.2d 642, 646 (R.I.1995) (quoting *Banach,* 648 A.2d at 1367).

Our review of the record reveals that the trial justice carefully considered the evidence in this matter, applied the appropriate standard, and clearly articulated his reasoning in denying the defendant's motion. In doing so, the trial justice independently evaluated the testimony of the witnesses and assessed their credibility. He concluded that the victim was "forthright and candid" in her testimony. He also found that the lifeguard's testimony largely supported the victim's recitation of the facts. The trial justice also analyzed the testimony of defendant, noting that "[i]t was a completely different story from that told by the complaining witness." In examining defendant's testimony, the trial justice found that it was "incredible, disingenuous and not worthy of belief." Thus, the trial justice concluded that defendant was not truthful.

> "Now, I don't know whether the jury viewed his testimony in the same light or not, but it's obvious that they believed the State, according to the Court's instructions regarding the second degree sexual assault, and believed that the state had proved its case beyond a reasonable doubt, any reasonable doubt, and as [the prosecution] argues, there were two versions of this scenario that were before the jury that could have equally been believed by them had they chose to do so. They chose not to believe the testimony of the defendant.

> "The Court is not going to quarrel with that assessment * * *."

Although much of the record contains "he said, she said" testimony, the trial justice considered all of the evidence, assessed the witnesses' testimony, and properly concluded that sufficient evidence existed to support the verdict. The mere fact that the trial justice did not attempt to reconcile every purported inconsistency in the various witnesses' testimony about the incident does not mean that he erred in denying the motion for a new trial. Therefore, we conclude, the trial justice did not commit reversible error when he denied the defendant's motion for a new trial.

For these reasons, we would deny the defendant's appeal and affirm the judgment of conviction.